**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**GAIL W. MILLIGAN**                                                                **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO:** 1:23cv093-SA-DAS

**TISHOMINGO COUNTY, MISSISSIPPI,
RYAN GLOVER, IN HIS INDIVIDUAL CAPACITY
AND JOSEPH MARLAR, IN HIS INDIVIDUAL
CAPACITY**                                                                **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

COMES NOW, Plaintiff, Gail W. Milligan, by and through counsel, and files this Complaint against Tishomingo County, Mississippi and Joseph Marlar and Ryan Glover. For cause Plaintiff would respectfully show unto the Court as follows:

**I. THE PARTIES**

1. Plaintiff Gail W. Milligan ("Milligan") is an adult resident citizen of Tishomingo County, Mississippi.

2. Defendant Tishomingo County, Mississippi is a political subdivision of the State of Mississippi. It may be served with process upon the Tishomingo County Chancery Clerk, Peyton Cummings, at 1008 Battleground Dr # 202, Iuka, MS 38852.

3. Defendant Ryan Glover ("Glover") is a resident of Tishomingo County, Mississippi and may be served with process at 1208 Bettydale Drive, Iuka, Mississippi 38852.

4. Defendant Joseph Marlar ("Marler") is a resident of Tishomingo County, Mississippi and may be served with process at 1208 Bettydale Drive, Iuka, Mississippi 38852.

## II. JURISDICTION

5. This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights). Plaintiff brings claims pursuant to 42 U.S.C. § 1983.

6. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

7. Gail W. Milligan is the director of the Tishomingo County Foster Rescue, a non-profit organization that rescues animals in need.

8. Milligan, through her non-profit, received a dog from others in the animal rescue group which had been willfully, unlawfully and intentionally deprived of food and proper care. The animal had ticks and fleas, skin abrasions, hair loss, and was heart worm positive. The dog was reported as a stray and a call from a local business to an individual in the animal rescue group resulted in another individual bringing the dog to Ms. Milligan. Upon receiving the dog Ms. Milligan took it to a veterinarian for treatment.

9. The purported owner of the dog filed a General Affidavit charging Ms. Milligan and another individual with petit larceny. A true and correct copy of said affidavit against Plaintiff is attached hereto as Exhibit "A." Pursuant to the Affidavit, and according to the purported owner, the animal had a purported value of $300.

10. Sheriff's Deputy Captain Ryan Glover contacted Ms. Milligan and demanded that Milligan reveal the location of the animal. Ms. Milligan refused. Captain Glover threatened to arrest Milligan if she did not divulge the location of the animal. Ms. Milligan remained steadfast in her refusal to speak about the location of the animal because she did not want the purported owner to get the dog and continue subjecting the dog to maltreatment and abuse.

11. Angered by Ms. Milligan's adherence to principles and assertion of her right to remain silent, Captain Glover instructed Deputy Joseph Marlar to execute an Affidavit charging Ms. Milligan with dog stealing. A true and correct copy of said affidavit against Plaintiff is attached hereto as Exhibit "B." Marlar and Captain Glover sought to have Milligan prosecuted on a felony charge, even though both dog stealing and petit larceny are misdemeanors under Mississippi law.

12. At all relevant times, Defendants Glover and Marlar acted in concert to effect Plaintiff's arrest and deprivation of her clearly established constitutional rights.

13. As a direct result of filing baseless criminal charges against Ms. Milligan and withholding exculpatory information from the Justice Court Judge, the Justice Court of Tishomingo County issued a warrant for Plaintiff's arrest.

14. Based on the warrant procured by Glover and Marlar on July 23, 2020, Marlar went to Ms. Milligan's home and arrested her.

15. As a direct result of her arrest, Ms. Milligan, a 73-year-old innocent woman, who had never been charged with a criminal offense, was handcuffed, transported in a police cruiser to jail, booked, subjected to a humiliating and degrading strip search, and detained in a holding cell.

16. During booking, Ms. Milligan was subjected to a visual body cavity strip search despite the absence of any reasonable suspicion or probable cause to conduct such an intrusive and degrading search and despite the fact that Ms. Milligan was never slated to be placed in the jail's general population.

17. While detained, Ms. Milligan was subjected to a degrading visual body cavity strip search despite the fact that she was a non-violent and non-drug offender.

18. While detained, Ms. Milligan was subjected to a humiliating visual body cavity strip search despite the fact that she was not designated for placement in the general population of the Tishomingo County Jail, but was instead placed in a holding cell for a short period of time until she could post bond.

19. At all times relevant to the civil action, the Defendants Marlar and Glover acted with reckless disregard and deliberate indifference for Ms. Milligan's federally protected rights.

### IV. *MALLEY* VIOLATION

20. The affidavit signed by Joseph Marlar simply recites Gail Milligan's name, social security number and date of birth, and the phrase that she did "[u]nlawfully and [w]illfully and [f]eloniously steal, take and carry away the dog of Jessica Williams Blackmon."

21. The affidavit signed by Joseph Marlar did not provide any supporting facts from which a Magistrate could independently determine probable cause. The affidavit provided no information about Plaintiff's dog rescue operation, the condition of the dog, the location of the dog, the circumstances of the dog's removal or any other supporting facts.

22. Marlar and Glover acted in concert to procure the affidavit and have Milligan arrested.

23. The affidavit prepared by the Defendant Marlar was a quintessential example of a "barebones affidavit" which the Fifth Circuit has long held invalid to support an arrest under the Fourth Amendment.

24. Marlar and Glover are liable individually for violating Milligan's Fourth Amendment rights as set out in *Malley v. Briggs*, 475 U.S. 335, 337 (1986) and the legions of Fifth Circuit cases such as *Blake v. Lambert*, 921 F.3d 215, 220 (5th Cir. 2019). Marlar and Glover violated Plaintiff's clearly established constitutional rights of which they were under an affirmative duty to be aware.

25. Further, the Tishomingo County Sheriff's Department has a policy, practice, custom and usage of relying on and using barebones affidavits, identical to the one in this case. The use of such *Malley*-violating affidavits is ubiquitous in Tishomingo County. Tishomingo County is also liable for violating Plaintiff's clearly established Fourth Amendment constitutional rights.

### V. *FRANKS* VIOLATION

26. Defendants Marlar and Glover, acting in concert, withheld material exculpatory evidence

from the Magistrate by deliberately omitting it from the affidavit.

27. Defendants Marlar and Glover knew that Plaintiff operated a dog rescue non-profit. Defendants Marlar and Glover knew that Ms. Milligan did not actually physically take the dog. Plaintiff told Glover that the dog was severely malnourished, covered with fleas and ticks, and was an abused animal. Defendants Glover and Marlar knew the owner's conduct with respect to the animal was itself arguably a violation of Mississippi law.

28. Defendants Glover and Marlar omitted this exculpatory evidence because they wanted to see that Milligan was arrested and prosecuted, as Glover promised, if she defied Glover.

29. Had Defendants Glover and Marlar included the known exculpatory evidence in the affidavit, probable cause would not have existed for the charge against Plaintiff and a warrant would not have issued.

30. Defendants Glover and Marlar are liable for violating clearly established law based upon *Franks v. Delaware*, 438 U.S. 154 (1978).

## VI. FIFTH AMENDMENT RETALIATION

31. When Captain Glover questioned Milligan about the location of the dog, Milligan invoked her right not to answer questions posed to her by Glover which would potentially lead to harm to the rescued dog and could give Glover potentially incriminating information.

32. Glover was livid with Milligan's refusal to answer his questions.

33. Marlar and Glover concocted the barebones affidavit, and omitted exculpatory evidence, in order to punish Milligan for defying Glover.

34. Glover and Marler are liable for retaliating against Milligan for asserting her constitutional rights.

## VII. UNCONSTITUTIONAL STRIP SEARCH

35. Defendant Tishomingo County is liable to Ms. Milligan for the constitutional tort of illegal search by maintaining a policy, practice, custom and usage which authorized and mandated

subjecting detainees being held on non-violent and non-drug offenses to humiliating strip searches in the absence of reasonable suspicion or probable cause while briefly detained in a holding cell and awaiting bond.

36. Plaintiff was held on a misdemeanor criminal charge. The misdemeanor was not violent, and did not involve possession of illegal substances. Plaintiff was never intended to be placed in the general population of the jail in contact with other inmates, but was held in a holding cell until she made bond.

37. Tishomingo County's policy of strip searching non-violent detainees for non-drug related offenses when the detainee is not to be placed in general population is unconstitutional.

38. Defendant Tishomingo County is liable to Ms. Milligan for the constitutional tort of illegal search by maintaining a policy, practice, custom or usage which authorized and mandated subjecting detainees being held on non-violent and non-drug offenses to humiliating strip searches in the absence of any intent of placing the detainees in the general population of the facility.

## VIII. DAMAGES

39. Plaintiff is entitled to an award of compensatory damages against all Defendants. Plaintiff was wrongfully arrested, strip searched and jailed. Plaintiff suffered mental anxiety and emotional distress, attorney's fees and costs and damage to her reputation.

40. The actions of Defendants Joseph Marlar and Ryan Glover were egregious. Plaintiff should be awarded punitive damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees from all Defendants.

## IX. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Gail Milligan prays for actual and compensatory damages against Defendants, for a declaration that the acts and omissions of Defendants violated Ms. Milligan's constitutional rights, for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to

which Ms. Milligan is entitled in law or equity.

Plaintiff demands trial by jury. Plaintiff further demands such other and more general relief to which she is entitled.

**RESPECTFULLY SUBMITTED**, this the 5th day of July, 2023.

**MCLAUGHLIN LAW FIRM**

By:    <u>/s R. Shane McLaughlin</u>
R. Shane McLaughlin (Miss. Bar No. 101185)
347 North Spring Street
P.O. Box 200
Tupelo, Mississippi 38802
Telephone: (662) 840-5042
Facsimile: (662) 840-5043
Email: rsm@mclaughlinlawfirm.com

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
Telephone: (662) 840-0270
Facsimile: (662) 840-1047
Email: fleitasv@bellsouth.net

**ATTORNEYS FOR PLAINTIFF**