**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**GAIL W. MILLIGAN**                                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO.: 1:23-CV-93-NBB-DAS**

**TISHOMINGO COUNTY, MISSISSIPPI;
RYAN GLOVER, IN HIS INDIVIDUAL CAPACITY;
AND JOSEPH MARLAR, IN HIS INDIVIDUAL CAPACITY**                          **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW COME** Defendants, Tishomingo County, Mississippi; Ryan Glover, in his Individual Capacity; and, Joseph Marlar, in his Individual Capacity, by and through their attorneys, and file this, their Answer and Affirmative Defenses to the Complaint filed by Plaintiff in the above-styled matter, and state as follows, to-wit:

**I. AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

*(Motion to Dismiss State Law Claims)*

To the extent Plaintiff's Complaint seeks relief under state law, Defendants invoke the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq.* Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by jail officers or sworn law enforcement officers; (2) failure to train, supervise or discipline jail officers or law enforcement officers; or, (3) for denial of medical care to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). The provisions of *Miss. Code Ann.* §47-1-57 do not create a self-executing tort claim

on behalf of inmates alleging delayed medical care. Alternatively, Defendants state that there are no material facts which remain at issue as to either Plaintiff's status as an inmate or the date of occurrence of the alleged incident and move for judgment on the pleadings pursuant to *Fed. R. Civ. Proc.*, Rule 12 (c). Defendants pray for an early determination of this issue in the interest of judicial economy.

## SECOND DEFENSE

### *(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to the Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein. Further, the Complaint fails to state a claim against Tishomingo County, Mississippi, upon which relief may be granted under *Monell v. Dept. of Social Services*, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

## THIRD DEFENSE

The Plaintiff's conduct and/or the conduct of third parties not employed by the County, was the sole cause of her alleged injuries and damages, if any; alternately, Plaintiff's conduct was a proximate cause of the incident forming the basis of this lawsuit. Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp. 2003). To the extent that the Plaintiff suffered injury as a result of the tortious act of one other than these Defendants or as a result of her own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injury/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence, and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

**FOURTH DEFENSE**

Defendants invoke the doctrine of common law qualified immunity, public official immunity, and statutory immunity pursuant to *Miss. Code Ann.* §11-46-5 and §11-46-7 (rev. 1999), and expiration of the applicable statute of limitations, or, alternatively, are barred by laches, waiver and estoppel.

**FIFTH DEFENSE**

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**SIXTH DEFENSE**

The individual Defendants in this case are entitled to qualified immunity from Plaintiff's claims. These individuals were at all times public officials in the course of duties during the incident forming the basis of this lawsuit. Said individuals did not engage in any conduct, which deprived the Plaintiff of any right, privilege or immunity protected by the Constitution or Laws of the United States. Additionally, said individuals' conduct was objectively reasonable in light of clearly established law at the time of his actions in this matter. These individuals' actions were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

**SEVENTH DEFENSE**

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of

any proof or allegation of any official policy, custom or practice of Tishomingo County, Mississippi, that was the moving force behind the alleged injuries of Plaintiff.

## EIGHTH DEFENSE

Plaintiff's failure to allege violation of any duty by the Defendants bars this cause of action.

## NINTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent Plaintiff failed to mitigate her own damages, if any.

## TENTH DEFENSE

Defendants invoke the apportionment provisions of *Miss. Code Ann*. §85-5-7 (Supp. 2002) to the extent that those provisions are applicable to Plaintiff's Complaint.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred under the doctrine of public official immunity.

## THIRTEENTH DEFENSE

At no time did any governmental actor acting on behalf of the County breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

## FOURTEENTH DEFENSE

The sole proximate cause of injuries/damages alleged by Plaintiff was actions brought on by Plaintiff, based upon current information of the Defendants, and therefore Plaintiff is not entitled to any recovery from the Defendants.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel and exhaustion of available administrative remedies.

### SIXTEENTH DEFENSE

Without waiving any defense herein elsewhere asserted, Defendants affirmatively aver that Plaintiff's claim for punitive damages is governed and limited by *Miss. Code Ann.* §11-1-65, Defendants plead and invoke the provisions of same, including but not limited to the bifurcation of punitive damages from other issues in this cause, affirmatively denying that Plaintiff is entitled to punitive and/or exemplary damages as against Defendants for any reason whatsoever.

### SEVENTEENTH DEFENSE

To the extent that any personnel acting within the course and scope of their employment with the County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiff's claims are barred.

### EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendant officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of the County substantially exceed his authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### NINETEENTH DEFENSE

Defendants invoke the provisions of the Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e) (Supp. 1997).

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### TWENTY-FIRST DEFENSE

All terms and conditions of the incarceration of Plaintiff was rationally related to legitimate penological objectives and not vague or overly broad.

### TWENTY-SECOND DEFENSE

The criminal conduct of Plaintiff and/or criminal acts of a third party constitute the sole proximate cause of any injuries She allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of deceased Plaintiff were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to the Defendants should be dismissed.

### TWENTY-THIRD DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by the Defendants.

### TWENTY-FOURTH DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom at issue. The instant claims fail as a matter of law.

## TWENTY-FIFTH DEFENSE

Punitive damages are not cognizable against the County.  Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## TWENTY-SIXTH DEFENSE

Plaintiff's injuries/damages are the direct proximate result of her own conduct for which Plaintiff is responsible to the exclusion of these Defendants, and therefore Plaintiff's Complaint should be dismissed.

## TWENTY-SEVENTH DEFENSE

Plaintiff's injuries/damages, if any, were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

## II.  ANSWER

Without waiving any other affirmative defenses, the Defendants answer the Complaint, paragraph by paragraph, as follows:

1. Upon information and belief, Defendants admit the allegations in this paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

5. The allegations in this paragraph are legal, not factual and do not require a response from the Defendants.  To the extent that they do, Defendants deny the same.

6. The allegations in this paragraph are legal, not factual and do not require a response from the Defendants. To the extent that they imply that the Plaintiff is entitled to any relief, Defendants deny the same.

7. Defendants are without information to admit or deny this statement so deny the same.

8. Denied.

9. Admitted that the owner of the dog stolen by the Plaintiff filed an affidavit against Ms. Milligan charging her with stealing the dog. Admitted that the Affidavit was attached to the Complaint as Exhibit A. Any and all other allegations are denied.

10. Admitted that Defendant Ryan Glover contacted Ms. Milligan regarding the location of the dog she stole. Admitted that Ms. Milligan told Defendant Glover that she knew where the dog was but would not tell him. Any and all other allegations are denied.

11. Admitted only that a Justice Court Affidavit for the arrest of Gail Milligan was attached to the Complaint as Exhibit "B." Any and all other allegations are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20.     The affidavit speaks for itself and is attached to the Complaint as Exhibit B.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief and damages sought in her Complaint and deny that Plaintiff is entitled to a judgment in any amount whatsoever from Defendants, and respectfully request that this Court dismiss this cause with prejudice.

**AND NOW, HAVING FULLY ANSWERED** and asserted their affirmative defenses, Defendants pray that this Court grant the following relief:

(A)    That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid affirmative defenses, including but not limited to, Plaintiff's failure to comply with the mandatory and jurisdictional requirements of the Mississippi Tort Claims Act, as well as the application of the laws and jurisprudence as to Section 1983;

(B)    That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and,

(C)    Further, that in conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendant be awarded and do recover from Plaintiff all of their costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said Complaint is legally and factually unsupportable and has been filed without substantial justification or without an arguable basis in law, and that Defendants be awarded costs and attorneys' fees pursuant to 42 U.S.C. §1988, as this Court may deem appropriate.

**RESPECTFULLY SUBMITTED,** this the 28th day of July, 2023.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By: /s/ ***Bethany A. Tarpley***
Bethany A. Tarpley, MS Bar No. 104134
Attorney for Defendants

Of Counsel:
**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: btarpley@jlpalaw.com

Phillip Whitehead, Esq.
1274 Main Street
P. O. Box 38
Tishomingo, MS 38873
Phone: 662-438-1166
Email: pmwlaw@gmail.com

**CERTIFICATE OF SERVICE**

I, Bethany A. Tarpley, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

> Richard Shane McLaughlin, Esq.
> Mclaughlin Law Firm
> Email: rsm@mclaughlinlawfirm.com
> **Attorney for Plaintiff**
>
> Victor Israel Fleitas
> Victor I. Fleitas, P.A.
> Email: fleitasv@bellsouth.net
> **Attorney for Plaintiff**

**DATED** this 28th day of July, 2023.

/s/ *Bethany A. Tarpley*
Bethany A. Tarpley
