**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**GAIL W. MILLIGAN**                                                                           **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.: 1:23-CV-93-NBB-DAS**

**TISHOMINGO COUNTY, MISSISSIPPI;
RYAN GLOVER, IN HIS INDIVIDUAL CAPACITY;
AND JOSEPH MARLAR, IN HIS INDIVIDUAL CAPACITY**                    **DEFENDANTS**

**TISHOMINGO COUNTY, MISSISSIPPI, RYAN GLOVER, AND JOSEPH MARLAR'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS**

**COME NOW**, Defendants Tishomingo County, Mississippi, Ryan Glover, in his Individual Capacity, and Joseph Marlar, in his Individual Capacity, by and through counsel, and moves this Court for a Motion for Judgment on the Pleadings and for this Honorable Court to Dismiss Plaintiff's Complaint [Doc. 1] filed against them.

## I.      INTRODUCTION

This Complaint should be dismissed.  Ms. Gail Milligan stole a dog, something her Complaint never denies. Operating a dog rescue is not a valid defense for stealing.  Because of her theft, she was arrested.  Her arrest was valid, based on probable cause, submitted to a Justice Court Judge, resulting in a warrant.[1]  The individual deputies involved are entitled to qualified immunity. Tishomingo County should be dismissed because she has failed to state a claim against it.  All her claims against these Defendants must fail.

---

[1] *See* Ex. A, Arrest Warrant. "[A] district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc*., 540 F. App'x 408, 409 (5th Cir. 2013) (per curiam) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)).

## II.     FACTUAL ALLEGATIONS IN THE COMPLAINT AND RECORD

On July 17, 2020, Jessica Williams Blackmon filled out an affidavit with the Justice Court of Tishomingo County wherein she swore, under oath, that Gail Milligan stole her white American bulldog.[2]  Milligan is the director of the Tishomingo County Foster Rescue group, a non-profit that rescues animals in need.[3]

Milligan does not deny that she received Blackmon's dog from someone in her animal rescue group.[4]  According to Milligan, the dog was in bad shape and had been reported as a stray, so she took it to the vet.[5]  Milligan admits that Deputy Captain Glover contacted her after Blackmon filed her affidavit.[6]  Glover asked Milligan to tell him where the dog was, and she refused.[7]

Milligan was subsequently charged with dog stealing, and Defendant Joesph Marlar executed the Affidavit charging her with the same.[8]  Milligan incorrectly alleges that dog stealing is a misdemeanor under Mississippi law.[9]  She was subsequently arrested at her home on July 23, 2020.[10]   According to Milligan, during this arrest, she was handcuffed, transported in a police cruiser to jail, booked, strip searched and put in a holding cell.[11] Milligan also alleges that she was subjected to a visual body cavity search.[12]

---

[2]  **[Doc. 1, Ex. A]**.
[3] *Id.* at ¶ 7.
[4] *Id.* at ¶ 8.
[5]  *Id.*
[6] *Id.* at ¶ 9-10.
[7] *Id.* at ¶ 10.
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶ 11. *See Miss. Code Ann.* §97-17-51 "Every person who shall feloniously steal, take and carry away any dog, the property of another, shall be subject to indictment therefor, and on conviction shall be punished . . . or *imprisoned in the penitentiary not less than one year nor more than two years*."
(emphasis added).
[10] *Id.* at ¶ 14.
[11] *Id.* at ¶ 15.
[12] *Id.* at ¶ 16.

### III.    CLAIMS PLED

Milligan has filed the following claims under Section 1983. Against the individual Defendants Ryan Glover and Joseph Malar, Milligan attempts to allege Fourth Amendment false arrest claims.  Because her arrest warrant was issued by a judge, Milligan bases her claims on exceptions to the independent intermediary rule found in *Malley*[13] and *Franks*.[14]  Milligan also alleges that because she refused to disclose the location of the dog, Glover and Marlar decided to file charges against her in retaliation against her for asserting her Fifth Amendment right to remain silent.[15]  All of Milligan's claims against the individual Defendants must fail.

Milligan alleges *Monell* violations against Tishomingo County because it has a "policy, practice, custom and usage of relying on and using barebones affidavits, identical to the one in this case."[16] She claims that "[t]he use of such *Malley*-violating affidavits is ubiquitous in Tishomingo County."[17] Finally, Milligan alleges that Tishomingo County has "policy, practice, custom and usage which authorized and mandated subjecting detainees" to strip search in the absence of reasonable suspicion or probable cause.[18]  All of Milligan's claims against Tishomingo County must fail.

### IV.    STANDARD OF REVIEW

The federal rules offer several ways defendants can challenge a plaintiff's case, including a motion to dismiss under Rule 12(c) and a summary judgment motion under Rule 56. Defendants invoke both rules here.

---

[13] *Malley v. Briggs*, 475 U.S. 335, 337 (1986)
[14] *Franks v. Delaware*, 438 U.S. 154 (1978).
[15] *Id.* at ¶¶ 31-34.
[16] *Id.* at ¶ 25.
[17] *Id.*
[18] *Id.* at ¶¶ 35-38.

"A Rule 12(c) motion is subject to the same standard as a motion to dismiss under *FRCP* 12(b)(6)."[19] "The court may also consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim."[20] To survive Defendants' Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level."[21] The complaint must allege sufficient factual matter "to state a claim that is plausible on its face."[22] "'The tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"[23] Moreover, "the court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'"[24]

Under Rule 56, the central question is whether the record evidence provides a viable basis for relief as opposed to looking to the pleadings alone.[25] This question is answered by determining whether there are genuine issues as to any material facts.[26] To avoid summary judgment, a plaintiff must produce evidence of "specific facts showing the existence of a genuine issue for trial."[27] A

---

[19] *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 734 (5th Cir. 2019).

[20] *Griffin v. HSBC Mortg. Servs.,* 2016 U.S. Dist. LEXIS 35255, at *27 (N.D. Miss. Mar. 18, 2016) (quoting *Gallentine v. Hous. Auth. of City of Port Arthur, Tex.,* 919 F. Supp. 2d 787, 794 (E.D. Tex. 2013)(collecting cases)).

[21] *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)).

[22] *Twombly,* 550 U.S. at 570.

[23] *Harris v. Dobbins*, 2023 U.S. Dist. LEXIS 63090, at *6 (S.D. Miss. Apr. 11, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (other citations omitted)).

[24] *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citing *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-63 (5th Cir. 2021) (other citations omitted)).

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[26] Fed. R. Civ. P. 56(c).

[27] *Foulston Siefkin LLP v. Wells Fargo Bank of Texas N. A.*, 465 F.3d 211, 214 (5th Cir. 2006).

factual issue is "material only if its resolution could affect the outcome of the action."[28] "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment."[29] "Rule 56 does not require that *any* discovery take place before summary judgment can be granted."[30]

## V.     ARGUMENT

Milligan's Complaint should be dismissed *in toto*. Her claims against Deputies Glover and Marlar fail because the deputies are entitled to qualified immunity. Milligan cannot show a constitutional violation, and even if she could, she cannot show the actions of the deputies violated clearly established law. Her claims against Tishomingo County fair no better. They too should be dismissed because she has not properly pled the necessary elements of a *Monell* claim. For all these reasons, dismissal is appropriate.

### A.  The Claims Against The Individual Deputies Should Be Dismissed.

All of Milligan's claims against the individual deputies must fail because they are entitled to qualified immunity. The deputies are presumed to enjoy qualified immunity because abrogation of qualified immunity is the exception, not the rule.[31] Public officials, such as sheriff deputies, acting within the scope of their official duties, are shielded by qualified immunity from claims of civil liability, including Section 1983 claims.[32] Qualified immunity is a viable defense unless the

---

[28] *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

[29] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted).

[30] *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) (emphasis in original) (quoting *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005)).

[31] *Trevino v. Hintz*, 751 Fed. Appx. 551 (5th Cir. 2018); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

[32] *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

existence of a constitutional violation is "beyond debate."[33] When qualified immunity is claimed, like it is here, the burden falls on the plaintiff to show it is not applicable.[34]

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[35] Therefore, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.'"[36] When evaluating a qualified immunity defense, courts conduct a "well-known" two-prong inquiry.[37] Courts have the discretion to "address these two elements in either order, and need not proceed to the second where the first is resolved in the negative."[38] Importantly, if public officials of reasonable competence could differ on the lawfulness of the defendants' actions, the defendants are entitled to qualified immunity.[39] Here, Ms. Milligan must allege a violation of a constitutional right and then must show that the right was clearly established in light of the specific context of the case in order to overcome the qualified immunity defense.[40] Milligan can do neither.

### 1. There Was No Constitutional Violation.

Here, there was no constitutional violation. According to her, there was no probable cause to arrest her for stealing a dog, the warrant under which she was arrested was deficient, and the only reason she was arrested was in retaliation for asserting her Fifth Amendment right to remain silent. Plaintiff is wrong and all her claims must fail.

---

[33] *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).
[34] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).
[35] *Mullenix v. Luna*, 577 U.S. 7, 10 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)).
[36] *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).
[37] *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001).
[38] *Id.* (citations omitted).
[39] *Mullenix v. Luna,* 577 U.S. 7, 10 (2015); *Malley v. Briggs,* 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington,* 957 F. 2d 1268, 1273 (5th Cir. 1992).
[40] *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014).

6

### a. No Fourth Amendment violation

Here, there was no false arrest; her arrest warrant was issued by a Justice Court Judge.[41] Under the independent-intermediary doctrine, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for the Fourth Amendment violation."[42] It does not apply, though, if "it can be shown that the deliberations of [the] intermediary were in some way tainted by the actions of the defendant."[43] Ms. Milligan argues that two exceptions apply here; she is incorrect.

### i. No *Malley* Violation.

Milligan cannot prove a *Malley* violation, so her Fourth Amendment claim fails. Under *Malley*, "an officer can be held liable … when the affidavit presented to the magistrate was 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'"[44] If a "reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant," the officer's "shield of immunity [will] be lost."[45] The "*Malley* wrong is not the presentment of false evidence, but the obvious failure of accurately presented evidence to support the probable cause required for the issuance of a warrant."[46]

A warrant may be supplemented "with oral testimony based on [the deputy's] personal knowledge and investigation such that—in the aggregate—the information conveyed to the judge

---

[41] *See* Ex. A, Arrest Warrant.
[42] *Jennings v. Patton*, 644 F.3d 297, 300-01 (5th Cir. 2011).
[43] *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988).
[44] *Mayfield v. Currie*, 976 F.3d 482, 487 (5th Cir. 2020) (quoting *Malley Briggs*, 475 U.S. 355, 344-45 (1986)).
[45] *Malley*, 475 U.S. at 344-45.
[46] *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017).

supports probable cause for [plaintiff's] arrest."[47]  The Fifth Circuit has recognized that, "[b]ecause the Fourth Amendment does not require written warrants, an otherwise invalid warrant can be rehabilitated by sworn oral testimony before a judicial officer given contemporaneously upon presentation of the warrant application."[48]  Information contained in other material presented to the same magistrate judge may also be considered when determining if the warrant is sufficient.[49]

That is exactly what happened here.  The Justice Court Judge considered all the sworn material before him, oral and written, and determined it presented sufficient probable cause to issue the arrest warrant.[50]  Justice Court Judge JR Blakney issued Milligan's arrest warrant.[51] Judge Blakney remembers this matter because he was an interim judge who was filling in a vacancy until a special election could be held and because of the unique facts it presented.[52]  Prior to this, he had been a Justice Court Judge for 16 years.[53]  Judge Blakney spoke with Jessica Blackmon when she came to the Justice Court alleging that someone stole her dog.[54]  Judge Blakney sent her to see Investigator Marlar.[55]

The next day, Investigator Marlar returned to see Judge Blackney.[56] It was the Judge's usual practice and custom to swear in everyone that came before him for a warrant application,

---

[47] *Spencer v. Staton*, 489 F.3d 658, 662 (5th Cir. 2007), *opinion withdrawn in part on reh'g on other ground* (July 26, 2007).

[48] *Id.* (citing *United States v. Hill*, 500 F.2d 315, 320 (5th Cir. 1974) ("It has been accepted principle in this and other circuits that a federal court . . . may consider an affiant's oral testimony, extrinsic to the written affidavit, which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause."); *Lopez v. United States*, 370 F.2d 8, 10 (5th Cir. 1966) ("probable cause analysis may take into account information 'brought to the magistrate's attention . . . in the form of oral statements'")).

[49] *See Mayfield*, 976 F.3d at 487.

[50] *See* Ex. B, Affidavit of JR Blakney at ¶9.

[51] *Id.*

[52] *Id.* at ¶3.

[53] *Id.* at ¶4.

[54]  *Id.* at ¶5.

[55] *Id.*

[56] *Id.* at ¶6.

and he did the same for Investigator Marlar that day.[57] Investigator Marlar brought with him the Incident Report from Captain Glover.[58] Investigator Marlar attested to the information contained within that Incident Report under oath.[59]  Next, the Judge issued the warrant for felony dog stealing.[60]

Based on the cumulative evidence from the examination under oath, the sworn affidavit filed by Ms. Blackmon, and the affidavit filed by Deputy Marlar, there was no *Malley* violation. In Mississippi, the crime of dog theft is defined by statute as:

> Every person who shall feloniously steal, take and carry away any dog, the property of another, shall be subject to indictment therefor, and on conviction shall be punished by a fine of not more than five hundred dollars ($500.00), or imprisoned in the county jail not more than six (6) months, or both, or imprisoned in the penitentiary not less than one year nor more than two years.
>
> *Miss. Code Ann*. §97-17-51

Probable cause is a "'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'"[61]  It turns "'on the assessment of probabilities in particular factual contexts — not readily, or even usefully, reduced to a neat set of legal rules.'"[62]  Because of this, Courts must look to the "totality of the circumstances" and decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer" demonstrate "a probability or substantial chance of criminal activity."[63]

---

[57] *Id*. at ¶7.

[58] *Id*. at ¶8; *see also* Ex. C, Incident Report.

[59] *See* Ex. B, Affidavit of JR Blakney at ¶8.

[60] *Id*. at ¶9.

[61] *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (internal citations and quotations omitted).

[62] *Id.* at 371 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

[63] *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quotations and citations omitted).

Critically, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."[64] Thus, probable cause "is not a high bar."[65] Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.[66]

Here, Jessica Blackmon swore, under oath, that the dog was her dog and that Gail Milligan stole it.[67] She contacted the Sheriff's Department to report the dog's theft.[68] Captain Glover investigated the theft.[69] He spoke with Gail Milligan.[70] She told him that she had the dog and that she was not going to tell Captain Glover where the dog was.[71] He informed Ms. Milligan that she could not legally keep the dog.[72] Captain Glover informed her that if she did not return the dog, she could be charged with felony stealing.[73] She said so be it.[74] Investigator Marlar attested to this information to Judge Blakney, under oath.[75] Based on this information, there was probable cause for the Justice Court Judge to believe that Ms. Milligan stole Ms. Blackmon's dog and issue a warrant for her arrest.[76]

Even based solely on the Complaint's allegations, there was probable cause to arrest Ms. Milligan. According to the Complaint, Ms. Milligan received the dog from another member of her

---

[64] *Gates*, 462 U.S. at 243 n.13 (1983).
[65] *Kaley v. United States*, 571 U.S. 320, 338 (2014).
[66] *Mesa v. Prejean*, 543 F.3d 264 (5th Cir. 2008).
[67] *See* **[Doc. 1, Ex.1]**.
[68] S*ee* Ex. C, Incident Report.
[69] *Id.*
[70] *Id.*
[71] *Id.*
[72] *Id.*
[73] *Id.*
[74] *Id.*
[75] *See* Ex. B, Affidavit of JR Blakney at ¶6-9.
[76] *Id.* at ¶9.

10

rescue group.[77] She took that dog to the vet.[78] The dog's purported owner filed a General Affidavit, under oath, accusing Ms. Milligan of stealing her dog.[79] Deputy Captain Glover contacted Ms. Milligan and demanded that Ms. Milligan reveal the location of the dog that she did not own.[80] She refused to do so.[81] Based on the facts, as pled by the Plaintiff, there would still be probable cause to arrest Ms. Milligan for stealing Ms. Blackmon's dog. Her claim must fail.

### ii.     No *Franks* Violation.

Milligan also does not plausibly allege a *Franks* exception.[82] Under the second type of Fourth Amendment exception, known as *Franks* liability, "a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'"[83] Here, Milligan does not allege the typical *Franks* violation. Instead, she alleges that exculpatory facts were omitted from the arrest warrant. "To determine whether facts omitted from a warrant affidavit are material to the determination of probable cause, courts ordinarily insert the omitted facts into the affidavit and ask whether the reconstructed affidavit would still support a finding of probable cause."[84]

Milligan alleges that "Marlar and Glover knew that Plaintiff operated a dog rescue non-profit."[85] Also, that "Ms. Milligan did not actually physically take the dog."[86] Moreover, she

---

[77] **[Doc. 1]** at ¶8.
[78] **[Doc. 1]** at ¶8.
[79] **[Doc. 1]** at ¶9.
[80] **[Doc. 1]** at ¶10.
[81] **[Doc. 1]** at ¶10.
[82] The *Franks* case arose in the context of a search warrant, but its rationale extends to arrest warrants. *See Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (en banc).
[83] *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).
[84] *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) (citing *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980)).
[85] **[Doc. 1]** at ¶27.
[86] **[Doc. 1]** at ¶27.

11

alleges that she "told Glover that the dog was severely malnourished, covered with fleas and ticks, and was an abused animal."[87] She alleges that "Glover and Marlar omitted this exculpatory evidence because they wanted to see that Milligan was arrested and prosecuted".[88]

Milligan's argument fails for two reasons; first, this is not exculpatory evidence. Second, as noted *supra*, Captain Glover's incident report, which was presented to the Justice Court Judge, contained almost verbatim this information.[89] As to the first argument, even if Milligan's supposed examples of omitted information were included for consideration, they would not affect the conclusion, for none are inaccuracies of the sort that would "taint" the arrest warrant. All the omissions to which Milligan objects are "not material to the [justice court judge's] findings of probable cause," or are merely "different interpretations" of events on which "[t]here [wa]s plainly room to disagree."[90] Further, an affiant's presentation of one plausible "version of . . . disputed facts to the [] judge" does not taint the resulting warrant.[91] It is Milligan's burden to show how her running a dog rescue defeats probable cause for dog theft. This fact is not material. Nor is it material to theft that the object allegedly stolen was mistreated. Milligan's *Franks'* claim fails.

### iii. No Fifth Amendment Retaliation Violation.

This claim also fails. To state a valid retaliation claim, Ms. Milligan must claim (1) a specific constitutional right; (2) the defendant's intent to retaliate based on the exercise of that right; (3) a retaliatory adverse act; and (4) causation.[92] Her reliance on the Fifth Amendment as

---

[87] **[Doc. 1]** at ¶27.
[88] **[Doc. 1]** at ¶28.
[89] *See* Discussion in Section V.A.1.a.i.
[90] *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 556 (5th Cir. 2016).
[91] *Anderson v. City of McComb*, 539 F. App'x 385, 387 (5th Cir. 2013); *see also Holcomb v. McGraw*, 262 F. Supp. 3d 437, 452 (W.D. Tex. 2017) (rejecting plaintiffs' contention that defendants "affirmatively tainted the intermediaries' decisions," where plaintiffs merely "cite[d] a myriad of additional facts the [d]efendants did not include in their probable cause affidavits, [but] [p]laintiffs [did] not show any of these facts could possibly [be] exculpatory").
[92] *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999) (per curiam).

that specific constitutional right is misplaced. The Fifth Amendment to the United States Constitution provides, "No person . . . shall be compelled in any criminal case to be a witness against himself."[93] Police questioning prior to the initiation of legal proceedings--even compelled interrogation--does not itself constitute a Fifth Amendment violation.[94] If the plaintiff is unable to point to a specific constitutional right that has been violated, the claim will fail.[95] Therefore, Ms. Milligan's claim fails as to the very first element.

Her claim also fails because "[a]t the motion to dismiss stage, a plaintiff 'must allege more than h[er] personal belief that [s]he is the victim of retaliation.'"[96] Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim.[97] "The [plaintiff] must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"[98] Here, all Ms. Milligan has alleged is her own conclusory allegations that Glover "[a]ngered by Ms. Milligan's adherence to principles and assertion of her right to remain silent" and therefore he and Marlar retaliated against her.[99] Without more, her retaliation claim must fail. That is because, "the court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'"[100] That is all Milligan has provided here.

---

[93] U.S. Const. amend. V.

[94] *See Chavez v. Martinez*, 538 U.S. 760, 766-67 (1994).

[95] *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995) (stating "to state a claim, an inmate must allege the violation of a specific constitutional right").

[96] *Lozano v. Ortega*, 2014 U.S. Dist. LEXIS 162701, *27 (W.D. Tex. Nov. 19, 2014)(quoting *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)).

[97] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995).

[98] *Id.* (citation omitted).

[99] *See* **[Doc. 1]** at ¶10-11.

[100] *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citing *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-63 (5th Cir. 2021) (other citations omitted)).

## 2. The Constitutional Violation Alleged Was Not Clearly Established.

Even if Ms. Milligan could demonstrate a constitutional violation, which she cannot, the deputies would still be entitled to qualified immunity, as she cannot show that the violation was clearly established. Courts in the Fifth Circuit "are bound by the restrictive analysis of 'clearly established' set forth in numerous Supreme Court precedents."[101] A right is "clearly established" if it is "one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[102] Courts must not "define clearly established law at a high level of generality"; instead, their "inquiry must be undertaken in light of the specific context of the case."[103] If deputies of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized."[104]

"Therefore, unless existing precedent 'squarely governs' the conduct at issue, an official will be entitled to qualified immunity."[105] Generally, to satisfy this standard, the plaintiff must "identify[] a case in which an officer acting under similar circumstances was held to have violated the [Constitution], and . . . explain[] why the case clearly proscribed the conduct of that individual officer."[106] While an exact case on point is not required, the confines of the officers' violation

---

[101] *Cope v. Cogdill*, 3F.4th 198, 204-207 (5th Cir. July 2, 2021).

[102] *Mullenix v. Luna*, 577 U.S. 7, 11(2015) (per curiam) (internal quotation marks and citation omitted).

[103] *Id.* at 12 (internal quotation marks and citations omitted).

[104] *Malley v. Briggs*, 475 U.S. 335, 341(1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

[105] *Cope*, 3F.4th at 204-205 (citing to *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004) (per curiam); *Mullenix*, 577 U.S. at 12 (emphasizing that "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established" (internal quotation marks and citation omitted)).

[106] *Id.* (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case)).

14

must be "beyond debate."[107] "Broad general propositions are not enough to overcome qualified immunity."[108]

Moreover, "where . . . [a] defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law."[109] Courts in the Fifth Circuit "do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs."[110] Here, it is Ms. Milligan's duty to show that the deputies' allegedly wrongful conduct violated clearly established law. Because she also cannot do this, her claims must fail.

### B. Tishomingo County Is Not Liable.

This Court should dismiss all claims against Tishomingo County as Milligan has not properly pleaded any claims against it. Milligan alleges two municipal claims. First, that "the Tishomingo County Sheriff's Department has a policy, practice, custom and usage of relying on the using barebones affidavits, identical to the one in this case. The use of such Malley-violating affidavits is ubiquitous in Tishomingo County."[111] Second, that "Tishomingo County is liable to Ms. Milligan for the constitutional tort of illegal search by maintaining a policy, practice, custom and usage which authorized and mandated subjecting detainees being held on non-violent and non-drug offenses to humiliating strip searches in the absence of reasonable suspicion or probable cause".[112] Both these claims fail.

---

[107] *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 1379, 209 L. Ed. 2d 123 (2021) (mem.).

[108] *Cope*, 3 F.4th at 205.

[109] *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (internal quotations and citations omitted); *see also Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

[110] *Id.*

[111] **[Doc. 1]** at ¶25.

[112] *See* **[Doc. 1]** at ¶35-38.

15

As is well established, every *Monell* claim requires an underlying constitutional violation."[113] Indeed, a county can be held liable under Section 1983 only if the actions taken pursuant to an official policy caused a constitutional tort.[114] To succeed on a *Monell* claim against a county, a plaintiff must allege facts "show[ing] that (1) an official policy (2) promulgated by the [county] policymaker (3) was the moving force behind the violation of a constitutional right."[115] "To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" [116]

As noted *supra*, for Ms. Milligan's *Malley* violation allegation, there was no constitutional violation.[117] As such, this Court can end its analysis of that claim here.

Regardless, both claims fail on all the remaining elements too. First, Milligan makes no *factual* allegations which would show that an official policy exists for either the *Malley* violating affidavits or the strip search.[118] An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'"[119] "[A] complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'"[120]

---

[113] *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (internal quotations and citation omitted).
[114] *Clark v. Thompson*, 850 F. App'x 203, 207 (5th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).
[115] *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (quotation omitted).
[116] *Peña*, 879 F.3d at 622 (quotation omitted).
[117] *See* Discussion in Section V.A.1.a.i.
[118] *See* **[Doc. 1]**, *generally*.
[119] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)(quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).
[120] *Pena v. City of Rio Grande City,* 879 F.3d 613, 622 (5th Cir. 2018)(quoting *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997)).

16

The Fifth Circuit has recently reinforced that Tishomingo "County cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[121] This is important because "[a] plaintiff may not recover against a municipality via theories of *respondeat superior*—the municipality itself must be responsible for the constitutional violation."[122] Thus, to succeed, Milligan must show "'(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'"[123]

For starters, Ms. Milligan has not identified who she believes the final policymaker even is.[124] Certainly, Deputies Marlar and Glover are not final policymakers, and they are the only named individuals in the Complaint.[125] Policymakers are defined by state law.[126] In Mississippi, the Sheriff would be the final policymaker.[127] Both Milligan's municipal liability claims fail for the simple reason that she does not allege *anything* that the sheriff did wrong.[128]

Additionally, Milligan has completely failed to sufficiently allege (1) a policy or custom and (2) that such policy or custom is the moving force behind any alleged constitutional violations. There are no *factual allegations* concerning a policy or custom that was the moving force behind Milligan's alleged constitutional violation.[129] Instead, Ms. Milligan just makes the conclusory

---

[121] *Martinez v. Nueces Cnty.*, 2023 U.S. App. LEXIS 15915, at *3 (5th Cir. June 23, 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)).
[122] *Id.* at *3-*4.
[123] *Id.* at *4 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (other citations omitted)).
[124] *See* **[Doc. 1]**, *generally*.
[125] *See* **[Doc. 1]**, *generally*.
[126] *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016) ("[T]he identity of the policymaker is a question of law, not of fact – specifically, a question of state law.").
[127] *Huddleston v. Shirley,* 787 F. Supp. 109, 112 (N.D. Miss. 1992); Miss. Code Ann. § 19-25-1, *et seq.*
[128] *See* **[Doc. 1]**, *generally*.
[129] **[Doc. 1]** at ¶¶7-19.

allegation that "Tishomingo County" had a "policy, practice, custom, or usage" which authorized either *Malley* violating affidavits or strip searches.[130] This is not enough.

Here, Ms. Milligan has failed to plead any facts which plausibly state a "persistent widespread practice . . . [that] is so common and well-settled as to constitute a custom that fairly represents a municipal policy[.]"[131] "But this allegation does not contain any specific facts. Instead, the complaint's only specific facts appear in the section laying out the events that gave rise to this action."[132] As such, "[t]his general, conclusory allegation does not contain specific facts to support *Monell* liability."[133]

In *Ratliff*, the Fifth Circuit reaffirmed that "the ordinary *Twombly* pleading standard applies" to municipal liability claims. [134] In other words, "[t]o survive a motion to dismiss," a plaintiff's *Monell* pleadings "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[135] In *Ratliff*, the district court dismissed the complaint because, like Ms. Milligan, "[t]he only facts [that Ratliff] allege[d] with any specificity . . . relate to his shooting."[136]

The Fifth Circuit agreed. Ratliff's complaint stated that "the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of County employees—namely officers/deputies—that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official county

---

[130] **[Doc. 1]** at ¶25 and 38.

[131] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

[132] *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5 th Cir. 2020).

[133] *Moore v. Clarksdale Mun. Sch. Dist.*, 2022 U.S. Dist. LEXIS 218428, at *8 (N.D. Miss. Dec. 5, 2022) (dismissing *Monell* claim because "the complaint generally alleges that the 'actions involved in this case are the result of the practices, policies, and/or customs of Defendant Clarksdale.").

[134] *Ratliff*, 948 F.3d at 284.

[135] *Id.* at 284-85 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted)).

[136] *Id.* at 285 (alterations in original).

18

policy."[137]  The Court held this was not enough because it did "not contain any specific facts."[138]  "Instead, the complaint's only specific facts appear[ed] in the section laying out the events that gave rise to this action."  Thus, it held that "Ratliff's complaint clearly [did] not satisfy *Twombly* or *Iqbal* with respect to the allegation that excessive force [wa]s an Aransas County "custom."[139]

The same is true here.  While Ms. Milligan's Complaint describes specific facts "laying out the events that gave rise to *this* action" those are the *only* specific facts it contains about Tishomingo County's alleged policies and customs. It does not provide any other factual allegations from which this Court could plausibly find that either a practice/custom of *Malley* violating affidavits or strip searches of non-violent and non-drug offenders existed.  For these additional reasons, her claims against Tishomingo County must be dismissed.

<u>CONCLUSION</u>

Because Deputies Glover and Marlar are entitled to qualified immunity and because Ms. Milligan has not properly pleaded her municipal liability claims, this Court should dismiss her Complaint *in toto*.

**WHEREFORE PREMISES CONSIDERED,** the Defendants pray that they be dismissed with prejudice from this action.

R**ESPECTFULLY SUBMITTED,** this the 9th day of August, 2023.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By:    /s/ ***Bethany A. Tarpley***
Bethany A. Tarpley, MS Bar No. 104134
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendants

---

[137] *Id.*
[138] *Id.*
[139] *Id.*

19

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: btarpley@jlpalaw.com

Phillip Whitehead, Esq.
1274 Main Street
P. O. Box 38
Tishomingo, MS 38873
Phone: 662-438-1166
Email: pmwlaw@gmail.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion for Judgment on the Pleadings* to be delivered by the ECF Filing System which gave notice to the following:

Richard Shane McLaughlin, Esq.
Mclaughlin Law Firm
Email: rsm@mclaughlinlawfirm.com
**Attorney for Plaintiff**

Victor Israel Fleitas
Victor I. Fleitas, P.A.
Email: fleitasv@bellsouth.net
**Attorney for Plaintiff**

**DATED** this 9th day of August, 2023.

/s/ *Bethany A. Tarpley*
Bethany A. Tarpley

20