**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**GAIL W. MILLIGAN**                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 1:23-CV-93-MPM-DAS**

**TISHOMINGO COUNTY, MISSISSIPPI;**
**RYAN GLOVER, IN HIS INDIVIDUAL CAPACITY;**
**AND JOSEPH MARLAR, IN HIS INDIVIDUAL CAPACITY**          **DEFENDANTS**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

**NOW COME**, all the Defendants, by and through counsel, and respectfully file this

Memorandum in Support of Unopposed Motion to Extend the Scheduling Order Deadlines, and in

support thereof would show the Court the following:

**I.     INTRODUCTION**

The parties have all agreed that an extension of the Scheduling Order deadlines would be in

the best interest of and further their goals in this case.

**II.    RELEVANT PROCEDURAL HISTORY AND DEADLINES**

On August 9, 2023, Defendants filed a Motion for Judgment on the Pleadings **[Doc. 14]**.  On

August 25, 2023, the Court entered an Agreed Scheduling Order for Immunity Related Discovery

and Motions **[Doc. 18]**.  The following deadlines were set in place:

Immunity Related Discovery - on or before December 18, 2023

Response in Opposition to Immunity Motions - on or before January 15, 2024

Reply in Support of Immunity Motions - on or before January 29, 2024.

On August 31, 2023, the Court dismissed Defendants' Motion without prejudice upon an

agreement by the parties that immunity-related discovery is needed. **[Doc. 19]**.

On September 13, 2024, the Court entered an Order for the filing of a status report not later than January 5, 2024, to advise the Court if the Defendants intend to re-file a dispositive immunity motion. **[Doc. 27]**.

The parties have engaged in, and completed, written discovery. *See generally* **[Docs. 20-36]**. The parties diligently noticed depositions for plaintiff and defendant officers. **[Docs. 20-23]**.

The parties hereby seek to request an extension of the deadlines to the following new dates:

Deadline to re-file Immunity Motion - January 15, 2024

Response to Immunity Motion - January 29, 2024

Reply in Support of Immunity Motion - February 5, 2024

Defendants do intend to re-file an Immunity Motion. Counsel for Plaintiff has been contacted and has relayed no objection to the requested extension. The relief requested herein will not prejudice either party and is made in good faith and not for the purposes of delay or harassment.

III. **LAW AND ANALYSIS**

Defendants respectfully request, with no opposition, that this Court extend the deadlines.

Rule 16 of the Federal Rules of Civil Procedure governs scheduling orders. *See* Fed. R. Civ. P. 16(b). Specifically, Rule 16(b) states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P 16(b)(2).[1] This Court must consider four factors in

---

[1] Defendants note that Federal Rule of Civil Procedure 6(b)(1)(A) also controls extending time, but is not specific to Case Management Orders. *See* Fed. R. Civ. P 6(b)(1)(A). However, under both rules the standard is for good cause shown. Fed. R. Civ. P 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]").

determining whether good cause exists to modify a case management order: "(1) the explanation for the inability to comply with the scheduling order; (2) the importance of the requested change to the scheduling order; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice. *James v. Cleveland Sch. Dist.*, 2020 U.S. Dist. LEXIS 135248, at \*11 (N.D. Miss. July 30, 2020) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012)). "[C]ourts do not 'mechanically count the number of factors that favor each side[;] [i]nstead, they assess the factors 'holistically,' focusing on the diligence of the party seeking to modify the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at \*3 (N.D. Tex. Oct. 13, 2009), aff'd, 679 F.3d 323 (5th Cir. 2012)).

Defendants assert that good cause to continue the trial date and amend the Scheduling Order accordingly is present here, and respectfully request that this Motion be granted.

### A. Parties are unable to comply with the current scheduling order.

Defendant has diligently attempted but is unable to comply with the current scheduling order. At this time, Defense counsel who will be writing the immunity motion brief has been preparing for trial in the matter of *Salvador Martinez v. Benton County School District*, Benton County Circuit Court, Cause No. 2020-067, on December 12-15, 2023. Also, due to additional obligations with a busy state and federal practice and time constraints due to other deadlines in December, including depositions in *Harris, et al. v. Sam Dobbins, et al.*, Civil Action No. 3:23-CV-333-TSL-MTP and 3:22-CV-479-TSL-MTP, office closings due to holiday schedules, and state court hearings and a trial in early January 2024, counsel will be unable to timely meet the deadline, and is in need of additional time to complete the immunity motion and is therefore asking the Court for these extensions.

The factor weighs in favor of extending the Scheduling Order deadlines accordingly.

**B.     The Requested Change is Important as it Affects Both Parties' Abilities to Present the Case on its Merits.**

The requested change is important because Defendants believe that this extra time is necessary to adequately defend and present this case on its merits.

**C.     This Request is Unopposed, and There is No Prejudice in Allowing the Amendment.**

Defendants have conferred with opposing counsel, and there is no objection in extending the deadlines set forth in the Scheduling Order. As such, neither party would be prejudiced in allowing the amendment.

## IV.     CONCLUSION

In sum, there is good cause to extend the deadlines.  Further, all parties agree that extensions to the Scheduling Order deadlines would be in the best interest of and further their goals in this case.

**WHEREFORE, PREMISES CONSIDERED**, the parties respectfully request that this Honorable Court extend the above deadlines in this matter as follows: Deadline to re-file Immunity Motion - January 15, 2024; Response to Immunity Motion - January 29, 2024; and, Reply in Support of Immunity Motion - February 5, 2024.

**RESPECTFULLY SUBMITTED,** this the 13th day of December, 2023.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By:     /s/ *Mary McKay Griffith*
        Mary McKay Griffith, MS Bar No. 100785
        Bethany A. Tarpley, MS Bar No. 104134
        Daniel J. Griffith, MS Bar No. 8366
        Attorneys for Defendants

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: mgriffith@jlpalaw.com
      dgriffith@jlpalaw.com
      btarpley@jlpalaw.com
Phillip Whitehead, Esq.
1274 Main Street
P. O. Box 38
Tishomingo, MS 38873
Phone: 662-438-1166
Email: pmwlaw@gmail.com

**CERTIFICATE OF SERVICE**

I, Mary McKay Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Unopposed Motion to Extend Scheduling Order Deadlines* to be delivered by the ECF Filing System which gave notice to the following:

Richard Shane McLaughlin, Esq.
Mclaughlin Law Firm
Email: rsm@mclaughlinlawfirm.com
**Attorney for Plaintiff**

Victor Israel Fleitas
Victor I. Fleitas, P.A.
Email: fleitasv@bellsouth.net
**Attorney for Plaintiff**

**DATED** this 13th day of December, 2023.

/s/ *Mary McKay Griffith*
Mary McKay Griffith