## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**GAIL W. MILLIGAN**                                                                    **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:23-CV093-MPM-DAS**

**TISHOMINGO COUNTY, MISSISSIPPI, et al**                                       **DEFENDANT**

### RULE 16 INITIAL ORDER

The court will conduct a **Telephonic Case Management Conference (CMC)** in this

action on February 23, 2024 at <u>10:00 a.m.</u> before:

> Magistrate Judge David A. Sanders
> 203 Gilmore Drive
> Amory, MS 38821
> Telephone: (662) 369-2138

*\*\*\*DIAL-IN INFORMATION FOR PARTICIPANTS\*\*\* 877-336-1839, Access Code 6893215*

**PLEASE NOTE:** Counsel must use the **latest version of the Case Management Order Form** on the court web site at http://www.msnd.uscourts.gov/forms/cs-mgmt-ordr as Form No. 1 in the Uniform Local Civil Rules, effective December 1, 2015, in discussions and preparation for the CMC. Because the Form is updated regularly, counsel should **always use the link to the Form** rather than saving the Form to counsel's computer system. Do NOT print the Form to PDF before sending it to the court; instead, save the document and forward it to the court in that format so that the court can insert changes made at the Case Management Conference.

1

## FED. R. CIV. P. 26(F) ATTORNEY CONFERENCE

AT LEAST twenty-one days before the CMC, counsel must confer in person or telephonically and be prepared to report to the court:

1.      The principal factual and legal issues in dispute;

2.      The principal evidentiary basis for claims and defenses;

3.      The number of days required for trial, whether the parties intend to call experts, the total number and the fields of expertise likely to be necessary, and whether the case should be considered for Alternative Dispute Resolution (ADR);

4.      Any motions whose early resolution would have significant impact on the scope of discovery or other aspects of the litigation;

5.      What additional discovery is required beyond the voluntary disclosures and initial depositions of the parties, with designated time limitations;

6.      Each of the eleven discrete matters related to electronically stored information specified in L.U.Civ.R. 26(e)(2)(B);

7.      Whether all parties consent to jurisdiction by a Magistrate Judge;

8.      The appropriate time for a L.U.Civ.R. 16(g) settlement conference;

9.      Both settlement prospects and the costs of going through litigation and the appeal process, which counsel must explore fully with each other and their respective clients and represent to the court that they have done; and

10.     The contents of a proposed case management order.   The court will determine all deadlines at the Case Management Conference itself.

### **PROPOSED CASE MANAGEMENT ORDER AND CONFIDENTIAL SETTLEMENT MEMORANDA**

Counsel must submit a joint proposed case management order **by e-mail (NO FAXES)** to the Magistrate Judge, at judge_sanders@msnd.uscourts.gov, **NO LATER THAN 2/16/2024.** At the same time counsel must also submit a memorandum (3-page maximum) with a brief explanation of the case and a candid appraisal of the parties' respective positions, including possible settlement figures and a good faith estimate of the expense of carrying the litigation through trial and the appellate process, if not settled. Counsel must have discussed, and will

2

represent to the court that they have in fact discussed, these costs with their respective clients and must be prepared to candidly discuss them with the court. These memoranda are **not** to be exchanged, will be viewed only by the court, will not become a part of the record and will be destroyed upon the resolution of the case.

*\*\*\*There will be no additional reminders of the deadline for submitting the joint proposed Case Management Order and Confidential Settlement Memoranda. Counsel will no longer receive courtesy emails or telephone calls from the Magistrate Judge's chambers when they fail to timely submit the required Case Management Conference documents. Failure to comply with these instructions will result in the cancellation and rescheduling of the Case Management Conference approximately six (6) weeks later. All delays will be reflected in the deadlines set by the Court in the Case Management Order.\*\*\**

## CASE MANAGEMENT PLAN

At the Case Management Conference, the court and the parties will:

1.  Identify the principal factual and legal issues in dispute;

2.  Identify the alternative dispute resolution procedure which counsel intend to use, or report specifically why no such procedure would assist in the resolution of the case;

3.  Indicate whether all parties consent to jurisdiction by a magistrate judge;

4.  Review the parties' compliance with their disclosure obligations and consider whether to order additional disclosures;

5.  Determine whether there is discoverable ESI and, if so, the means by which it will be obtained and produced;

6.  Determine whether early filing of any motions might significantly affect the scope of discovery or other aspects of the litigation, and provide for the staged resolution, or bifurcation of issues for trial consistent with FED.R.CIV.P. 42(b);

7.  Determine the plan for at least the first stage of discovery; impose limitations on each discovery tool, time periods and other appropriate matters;

8.  Determine the date for a settlement conference or mediation; and

9.     Set appropriate deadlines for completion of discovery and filing motions and dates for the final pretrial conference and trial.

### CASE MANAGEMENT ORDER

The court will enter a Case Management Order within seven days of the conference, unless otherwise agreed upon during the Case Management Conference.

This the 9th day of January, 2024.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**