**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

GAIL W. MILLIGAN                                                                PLAINTIFF

v.                                                    CIVIL ACTION NO.: 1:23-CV-93-MPM-DAS

TISHOMINGO COUNTY, MISSISSIPPI;
RYAN GLOVER, IN HIS INDIVIDUAL CAPACITY;
AND JOSEPH MARLAR, IN HIS INDIVIDUAL CAPACITY            DEFENDANTS

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
UNOPPOSED SECOND MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

**NOW COME**, all the Defendants, by and through counsel, and respectfully file this Memorandum in Support of Unopposed Second Motion to Extend the Scheduling Order Deadlines, and in support thereof would show the Court the following:

**I.      INTRODUCTION**

The parties have all agreed that an extension of the Scheduling Order deadlines would be in the best interest of and further their goals in this case.

**II.     RELEVANT PROCEDURAL HISTORY AND DEADLINES**

On August 9, 2023, Defendants filed a Motion for Judgment on the Pleadings **[Doc. 14]**. On August 25, 2023, the Court entered an Agreed Scheduling Order for Immunity Related Discovery and Motions **[Doc. 18]**. The following deadlines were set in place:

Immunity Related Discovery - on or before December 18, 2023

Response in Opposition to Immunity Motions - on or before January 15, 2024

Reply in Support of Immunity Motions - on or before January 29, 2024.

On August 31, 2023, the Court dismissed Defendants' Motion without prejudice upon an

1

agreement by the parties that immunity-related discovery is needed. **[Doc. 19]**.

On September 13, 2024, the Court entered an Order for the filing of a status report not later than January 5, 2024, to advise the Court if the Defendants intend to re-file a dispositive immunity motion. **[Doc. 27]**.

The parties have engaged in, and completed, written discovery. *See generally* **[Docs. 20-36]**. The parties diligently noticed depositions for plaintiff and defendant officers. **[Docs. 20-23]**.

The parties sought an extension and were granted same on December 14, 2023. **[Doc. 39]**. The parties have agreed to and are in the process of engaging in settlement negotiations and therefore request that these deadlines be extended by an additional thirty (30) days to allow the parties additional time to conduct settlement negotiations. The parties hereby seek to request an extension of the deadlines to the following new dates:

Deadline to re-file Immunity Motion - February 15, 2024

Response to Immunity Motion - February 29, 2024

Reply in Support of Immunity Motion - March 5, 2024

Defendants do intend to re-file an Immunity Motion if a settlement is not reached by the requested extension date of February 15. Counsel for Plaintiff has been contacted and is in agreement to the requested extension. The relief requested herein will not prejudice either party and is made in good faith and not for the purposes of delay or harassment.

## III.    LAW AND ANALYSIS

Defendants respectfully request, with no opposition, that this Court extend the deadlines.

Rule 16 of the Federal Rules of Civil Procedure governs scheduling orders. *See* Fed. R. Civ. P. 16(b). Specifically, Rule 16(b) states that a "schedule may be modified only for good cause and

with the judge's consent." Fed. R. Civ. P 16(b)(2).[1]   This Court must consider four factors in determining whether good cause exists to modify a case management order: "(1) the explanation for the inability to comply with the scheduling order; (2) the importance of the requested change to the scheduling order; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice. *James v. Cleveland Sch. Dist.*, 2020 U.S. Dist. LEXIS 135248, at *11 (N.D. Miss. July 30, 2020) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012)).  "[C]ourts do not 'mechanically count the number of factors that favor each side[;] [i]nstead, they assess the factors 'holistically,' focusing on the diligence of the party seeking to modify the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009), aff'd, 679 F.3d 323 (5th Cir. 2012)).

Defendants assert that good cause to continue the trial date and amend the Scheduling Order accordingly is present here, and respectfully request that this Motion be granted.

**A.      The Parties are in the Process of Settlement Negotiations.**

The parties seek this extension to continue settlement negotiations and would like to have additional time to possibly reach a settlement.

The factor weighs in favor of extending the Scheduling Order deadlines.

**B.      The Requested Change is Important as it Affects The Party's Ability to Present the Case on its Merits.**

---

[1] Defendants note that Federal Rule of Civil Procedure 6(b)(1)(A) also controls extending time, but is not specific to Case Management Orders. *See* Fed. R. Civ. P 6(b)(1)(A).  However, under both rules the standard is for good cause shown. Fed. R. Civ. P 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]").

If a settlement is not reached in the allotted time, the requested change is important because Defendants believe that this extra time is necessary to adequately defend and present this case on its merits. The issues to be briefed before the Court address issues of qualified immunity. These are complex issues involving not only constitutional law analysis but application of that law to the facts at hand. Qualified immunity is one of the most important immunities law enforcement has.

The factor weighs in favor of extending the Scheduling Order deadlines.

**C.     This Request is Unopposed, and There is No Prejudice in Allowing the Amendment.**

Defendants have conferred with opposing counsel, and there is no objection in extending the deadlines set forth in the Scheduling Order. As such, neither party would be prejudiced in allowing the amendment.

The factor weighs in favor of extending the Scheduling Order deadlines.

**IV.     CONCLUSION**

In sum, there is good cause to extend the deadlines. Further, all parties agree that extensions to the Scheduling Order deadlines would be in the best interest of and further their goals in this case.

**WHEREFORE, PREMISES CONSIDERED**, the parties respectfully request that this Honorable Court extend the above deadlines in this matter as follows: Deadline to re-file Immunity Motion - February 15, 2024; Response to Immunity Motion - February 29, 2024; and, Reply in Support of Immunity Motion - March 5, 2024.

**RESPECTFULLY SUBMITTED,** this the 10th day of January, 2024.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By:     /s/ *Mary McKay Griffith*

4

                                        Mary McKay Griffith, MS Bar No. 100785
                                        Bethany A. Tarpley, MS Bar No. 104134
                                        Daniel J. Griffith, MS Bar No. 8366
                                        Attorneys for Defendants

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
FAX No. (662) 843-6176
Email: mgriffith@jlpalaw.com
        dgriffith@jlpalaw.com
        btarpley@jlpalaw.com
Phillip Whitehead, Esq.
1274 Main Street
P. O. Box 38
Tishomingo, MS 38873
Phone: 662-438-1166
Email: pmwlaw@gmail.com

## CERTIFICATE OF SERVICE

I, Mary McKay Griffith, attorney of record for Defendants, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Unopposed Motion to Extend Scheduling Order Deadlines* to be delivered by the ECF Filing System which gave notice to the following:

            Richard Shane McLaughlin, Esq.
            Mclaughlin Law Firm
            Email: rsm@mclaughlinlawfirm.com
            **Attorney for Plaintiff**

            Victor Israel Fleitas
            Victor I. Fleitas, P.A.
            Email: fleitasv@bellsouth.net
            **Attorney for Plaintiff**

    **DATED** this 10th day of January, 2024.

                                        /s/ *Mary McKay Griffith*
                                        Mary McKay Griffith

                                    5